Filed 9/18/25  P. v. Richardson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PATRICK LAMONT RICHARDSON,<br><br>        Defendant and Appellant. | H052871<br>(Monterey County<br> Super. Ct. No. SC016712A) |

In 1992, a jury convicted defendant Patrick Lamont Richardson of first degree felony murder (among other crimes) and found true that Richardson personally used a firearm.  The jury also found true three felony murder special circumstances.  The trial court sentenced Richardson to life in prison without possibility of parole.

In February 2024, Richardson filed a petition for resentencing under Penal Code[1] section 1172.6—his third such petition.  On October 8, 2024, the trial court denied that petition at the prima facie stage.  That same day, Richardson appealed to this court (case No. H052629).

---

[1] All further unspecified statutory references are to the Penal Code.

In November 2024, while Richardson's appeal in case No. H052629 was pending, Richardson filed another petition under section 1172.6. In that petition, Richardson asserted, inter alia, he is not the actual killer and the trial record does not establish that he is the actual killer. In December 2024, the trial court summarily denied Richardson's petition. Richardson now appeals that order (case No. H052871).

On appeal, Richardson's appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Richardson submitted supplemental briefing.

For the reasons explained below, we dismiss this appeal in case No. H052871 as moot, given our decision in case No. H052629 reversing the trial court's October 8, 2024 order denying Richardson's third petition and remanding the matter. This dismissal is without prejudice to Richardson asserting at further proceedings in the trial court under section 1172.6 (as ordered in case No. H052629) that he is that he is entitled to relief under that statute.

## I. PROCEDURAL BACKGROUND[2]

A. *Trial Proceedings*

In September 1991, the Monterey County District Attorney filed an information charging Richardson and three codefendants (Lester Lamount Polk, Eugene Leonard Ballance, and John Lewis Drayton) with nine offenses committed on or about June 14, 1991: murder (§ 187; count 1), three counts of robbery (§ 212.5; counts 2, 3, & 4), burglary (§ 459; count 5), two counts of assault with a firearm (§ 245, subd. (a)(2); counts 6 & 7), forcible sexual

---

[2] The facts of the underlying offenses are not relevant to this appeal. We glean this background information from the instant appellate record and this court's records in case No. H052629, for which we previously granted Richardson's judicial notice request. (See Evid. Code, §§ 452, subd. (d), 459.)

penetration with a foreign object (§ 289, subd. (a); count 8), and conspiracy to commit robbery (§§ 182, 212.5; count 9).

As to count 1, the information alleged the special circumstances of murder during the commission of robbery, burglary, and rape by instrument (former § 190.2, subd. (a)(17)(i), (vii), (xi)).  As to counts 1 through 8, the information alleged Richardson and two codefendants (Polk and Drayton) personally used a firearm in the commission of each offense (§ 12022.5) (firearm allegations).

In October 1992, a jury convicted Richardson as charged and returned true findings on the three special circumstances, the firearm allegations, and each overt act alleged in the conspiracy charge.

In December 1992, after a penalty phase trial and jury recommendation of imprisonment for life without the possibility of parole (LWOP), the trial court imposed that sentence on count 1.  On the remaining counts, and concurrent with the LWOP sentence, the trial court imposed an aggregate determinate term of 15 years eight months in prison.  Richardson appealed.

In October 1994, a different panel of this court affirmed the judgment. (*People v. Richardson* (Oct. 20, 1994, H010735) [nonpub. opn.].)

B. *Resentencing Petitions*

In January 2019, Richardson filed a petition under former section 1170.95 (later renumbered as section 1172.6) (first petition).  The district attorney opposed Richardson's petition.

In August 2019, the trial court held a hearing on Richardson's first petition and denied it for failing to make prima facie showing for relief.[3]  In

---

[3] In reaching its decision, the trial court reviewed the reporter's transcript of an August 1991 preliminary hearing held in the underlying

3

denying the petition, the court concluded "[t]he facts in this case are sufficient to establish that . . . Richardson[] was the actual killer" of the deceased victim and "[a]lternatively, the facts in this case were also sufficient to establish that [Richardson] was a major participant in the underlying felony burglary and robbery of the murder victim and his family, and . . . Richardson, acted with reckless indifference to human life."

Richardson did not appeal the trial court's denial of his first petition.

In October 2022, Richardson filed a second petition under section 1172.6. The records before this court do not indicate whether the trial court took any action on that petition.

On February 5, 2024, Richardson filed another petition under section 1172.6 (third petition). The district attorney opposed the petition, contending it should be denied based on issue preclusion (also known as collateral estoppel), given the trial court's August 2019 ruling on Richardson's first petition.

Richardson's appointed public defender filed a reply to the district attorney's opposition, arguing the third petition should be considered on the merits and collateral estoppel should not be applied.

On October 8, 2024, the trial court held a hearing on Richardson's third petition and denied it based on its August 2019 ruling and the collateral estoppel doctrine.

That same day, Richardson appealed from the denial of his third petition (case No. H052629).

---

prosecution of Richardson, the September 1991 information, the clerk's minute order reflecting the jury's verdicts at Richardson's trial, this court's October 1994 opinion on direct appeal, and the 2006 decision of a federal district court denying Richardson's petition for writ of habeas corpus.

On November 27, 2024, Richardson filed his fourth petition under section 1172.6.  As mentioned *ante*, Richardson asserted in his petition that he "is not the actual shooter or killer in this case" (capitalization omitted), and the trial record does not establish that he is the actual shooter.

On December 16, 2024, without obtaining a response from the district attorney or holding a hearing on Richardson's fourth petition (see § 1172.6, subd. (c)), the trial court issued a written order denying it.[4]  The court stated that it "stands by" its August 2019 ruling.  The court further noted its denial of Richardson's third petition and its pendency on appeal in this court.  Consistent with its denial of Richardson's third petition, the court concluded, "The current petition is barred under the collateral estoppel doctrine and is respectfully denied."

On January 7, 2025, Richard appealed from the order denying his fourth petition.

C. *Appeal in Case No. H052629*

On February 28, 2025, Richardson's appellate counsel filed an opening brief contending the trial court erred in denying Richardson's third petition as barred by collateral estoppel because that petition rests on new legal authority that challenges the basis for denying of Richardson's first petition.

On July 29, 2025, the Attorney General filed a respondent's brief conceding that the trial court erred in denying Richardson's third petition based on the collateral estoppel doctrine and suggesting the matter should be remanded for the trial court to consider whether Richardson has made a prima facie case for relief.

---

[4] The same bench officer ruled on Richardson's first, third, and fourth petitions.

5

On August 8, 2025, Richardson's appellate counsel filed a reply brief reiterating that this court should reverse the trial court and direct it to issue an order to show cause and hold an evidentiary hearing on Richardson's petition under section 1172.6, subdivision (d).

In a decision filed this day in case No. H052629, we reverse the trial court's October 8, 2024 order denying Richardson's third petition and remand the matter with directions to conduct a prima facie inquiry as required under section 1172.6, subdivision (c), and consistent with current law. (*People v. Richardson* (Sept. 18, 2025, H052629) [nonpub. opn.] (*Richardson*).)

## II. DISCUSSION

Where, as here, appellate counsel finds no arguable issues in an appeal from the denial of a postconviction request for relief, we are not required to conduct an independent review of the record. (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 224–232.) We give the defendant the opportunity to file his or her own supplemental brief and we then evaluate any specific arguments raised. (*Id*. at pp. 231–232.) As noted *ante*, Richardson has submitted supplemental briefing.

In his supplemental brief, Richardson asserts (consistent with his fourth petition) that "no [] legitimate or actual finding exist[s] to conclude that [he] is in fact the 'actual killer'" of the deceased victim and the record of his conviction does not conclusively establish that he is the actual killer.

Irrespective of whether Richardson's assertions raise arguable issues, we do not address their merits because this appeal is mooted by our decision in Richardson's contemporaneous appeal in case No. H052629. There, we have reversed the trial court's denial of Richardson's third petition and remanded for further proceedings under section 1172.6 and current law. (*Richardson*, *supra*, H052629.) That disposition provides Richardson an

6

opportunity—in the context of the prima facie inquiry—to assert (and to have the trial court consider his assertions) that he is not the actual killer/shooter and the record does not conclusively demonstrate that he is such a perpetrator.

Given that in this appeal we cannot provide Richardson any relief regarding his fourth petition beyond that which we have provided him in case No. H052629, we dismiss this appeal as moot and do not consider the merits of the arguments Richardson raised in his supplemental brief. (See *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 ["A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief.' "]; see also *Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1220–1224.) Our dismissal is without prejudice to Richardson asserting at further proceedings in the trial court under section 1172.6 that he is entitled to relief under that statute.

## III. DISPOSITION

The appeal is dismissed as moot, without prejudice to Richardson asserting at further proceedings under Penal Code section 1172.6 (as ordered in case No. H052629) that he is entitled to relief under that statute.

7

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P. J.


_____
Bromberg, J.


**H052871**
*People v. Richardson*